Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000340
26-JUL-2019
09:04 AM

NO. CAAP-17-0000340

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SCOTT E. ARGUS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DCC-16-0004790)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Scott E. Argus (Argus) appeals from
the District Court of the First Circuit's (District Court)
March 17, 2017 Judgment of Conviction and Sentence.[1]  After a
bench trial, the District Court convicted Argus of Negligent
Failure to Control a Dangerous Dog in violation of Revised
Ordinances of Honolulu (ROH) § 7-7.2(a)[2] (1990 & Supp. No. 12, 2-
08) (NFCDD).  Argus was sentenced to pay a fine of $500.

On appeal, Argus contends the District Court erred
because there was insufficient evidence to prove every element of
the offense beyond a reasonable doubt.

---

[1]     The Honorable Michael A. Marr presided.

[2]     ROH 7-7.2 provides, in relevant part:

> **Prohibited acts—Conditions on owner—Penalties.**

> (a)     A dog owner commits the offense of negligent failure
> to control a dangerous dog, if the owner negligently
> fails to take reasonable measures to prevent the dog
> from attacking, without provocation, a person or
> animal and such attack results in: . . . (2) bodily
> injury to a person other than the owner.  A person
> convicted under this subsection shall be guilty of a
> petty misdemeanor for a first offense[.]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Argus's appeal as follows and affirm.

Argus contends the District Court erred because there was insufficient evidence to prove every element of the offense beyond a reasonable doubt. Specifically, Argus argues that the State failed to prove: (1) the identity of the specific dog that bit the complaining witness (CW); (2) that he negligently failed to take reasonable measures to prevent the attack; and (3) the attack was unprovoked.

As charged in this case, the offense of NFCDD requires proof that the accused: (1) owned, harbored, kept, or had custody of a dog; (2) negligently failed to take reasonable measures to prevent the dog from attacking without provocation; and (3) which resulted in bodily injury to a person other than the owner. ROH § 7-7.2. "Reasonable measures to prevent the dog from attacking" is defined by the ordinance as including, but not limited to, measures required to be taken under Article 4 of chapter 7 to prevent the dog from becoming a stray. ROH § 7-7.2(b). A "stray" is, inter alia, any dog in a public place except if under the control of the owner by use of a physical restraint, such as a leash. ROH § 7-4.1 (2011).[3]

In addition, ROH § 7-7.1 (1990 & Supp. No. 12, 2-08) provides definitions for terms used in ROH § 7-7.2, in relevant part:

> "Attack" means aggressive physical contact with a person or animal initiated by the dog which may include, but is not limited to, the dog jumping on, leaping at or biting a person or animal.

---

[3] The full definition provides,

> "Stray" or "stray dog" means any dog: (1) on the premises of a person other than the owner of the dog, without the consent of an occupant of such premises; or (2) on a public street, on public or private school grounds, or in any other public place, except when under the control of the owner by leash, cord, chain or other similar means of physical restraint; provided, that such leash, cord, chain or other means is not more than eight feet in length; and provided further, that this provision shall not be construed to permit that which is prohibited by any other law.

ROH § 7-4.1. Further, Article 4 provides that it is unlawful for an owner to allow his or her dog to become a stray. ROH § 7-4.2 (2000).

"Bodily injury" means the same as that term is defined in [Hawaii Revised Statutes (HRS)] Section 707-700.

. . . .

"Dangerous dog" means any dog which, without provocation, attacks a person or animal. A dog's breed shall not be considered in determining whether or not it is dangerous.

. . . .

"Negligently" shall have the same meaning as is ascribed to the term in HRS Section 702-206.

"Owner" means any person owning, harboring or keeping a dog[.]

"Provocation" means the attack by a dog upon a person or animal was precipitated under the following circumstances:

(1)    The dog was protecting or defending its owner or a member of its owner's household from an attack or assault;

(2)    The person attacked was committing a crime or offense while on the property of the owner of the dog;

(3)    The person attacked was teasing, tormenting, abusing or assaulting the dog or at any time in the past had teased, tormented, abused or assaulted the dog;

(4)    The dog was attacked or menaced by the animal or the animal was on the property of the owner of the dog;

(5)    The dog was responding to pain or injury inflicted by the attacked person or animal;

(6)    The dog was protecting itself, its kennels or its offspring from the attacked person or animal;

(7)    The person or animal attacked was disturbing the dog's natural functions, such as sleeping or eating, while the dog was on its owner's property; or

(8)    The dog was responding to a command or encouragement to attack the person or animal.

HRS § 707-700 (2014) (amended 2016) defines "bodily injury" as, "physical pain, illness, or any impairment of physical condition."

The Hawai'i Supreme Court has

long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence

3

> to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> > "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.
>
> State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992) (citations omitted).

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

In State v. Bereday, this court held that "ROH § 7-7.2 does not require the prosecution to identify the dog by name, but simply requires the prosecution to establish that it was a dog owned by the defendant that committed the attack." 120 Hawaiʻi 486, 496, 210 P.3d 9, 19 (App. 2009). Here, CW identified Argus at trial and testified that he got out of a van with three dogs, the "chocolate-colored one" was on a leash held by Argus, and one of the other two, vanilla-colored dogs bit her on her upper thigh, causing pain and bleeding. She described the biting dog as a large, shaggy white dog stained with red dirt on its belly and a little on its back.[4] CW stated that, after the bite, Argus pulled off the biting dog by the scruff and led it around the corner from where his van was parked. The State also submitted into evidence photographs of CW's injury depicting substantial bruising at the site of the bite. The District Court found CW to be credible as it found facts consistent with the CW's testimony and rejected testimony by Argus. "'[T]he testimony of a single witness, if found by the trier of fact to have been credible, will suffice' to provide substantial evidence." State v. Kalaola, 124 Hawaiʻi 43, 50-51, 237 P.3d 1109, 1116-17 (2010) (quoting In re Doe, 95 Hawaiʻi 183, 196, 20 P.3d 616, 629 (2001)). Therefore, ample evidence that Argus owned all three of

---

[4] Moreover, Argus presented as evidence a scan of his own and each of his dogs' pet therapy identification badges as an exhibit. Among the three dogs pictured, despite the low quality of the picture, the dog named Gus appears to match CW's description.

the dogs that CW encountered, and that the larger of the two vanilla-colored dogs, with shaggy, red-dirt-stained fur on its stomach, attacked CW causing bodily injury, was presented, meeting the requirements of ROH § 7-7.2(a).

Next, Argus contends the State failed to prove that he failed to take reasonable measures to prevent the attack. Essentially, Argus claims that he was not negligent in the handling of his dogs.

ROH § 7-7.1 provides, in relevant part, "'Negligently' shall have the same meaning as is ascribed to the term in HRS Section 702-206." HRS § 702-206(4) (2014) provides:

"Negligently."

    (a)    A person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk taken that the person's conduct is of the specified nature.

    (b)    A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.

    (c)    A person acts negligently with respect to a result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.

    (d)    A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

HRS § 702-206 is a criminal statute and the standard for criminal negligence under the Hawai'i Penal code is higher than that of tort law. See State v. Bayly, 118 Hawai'i 1, 9, 185 P.3d 186, 194 (2008).

The offense of NFCDD requires proof that the accused negligently failed to take "reasonable measures to prevent the dog from attacking" which includes measures that would prevent the dog from becoming a stray. ROH § 7-7.2(a) and (b). Under ROH § 7-4.1, a "stray dog" is any untethered dog in a public place and CW testified that the dog that bit her while she was on a public sidewalk, was unleashed. Thus, under the plain language

of the ordinance, Argus failed to take reasonable measures to prevent his dog from attacking.[5]

Finally, relying on the examples of provocation (1) and (6) contained in ROH § 7-7.1, Argus claims that the prosecution failed to present sufficient evidence of the lack of provocation by CW. Argus argues that the undisputed evidence shows that CW's action, by jogging or running up to the rear of Argus's vehicle when he and his dogs were nearby, provoked the attack. That is to say, that the dog could have attacked CW in an attempt to protect itself and/or Argus because CW ran toward it.

It is undisputed that the prosecution was required to prove the lack of provocation by CW. The appellate court reviews the sufficiency of evidence on appeal as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). Furthermore, "[U]nder such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact." State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (citations omitted).

Here, CW testified that she approached Argus's vehicle, and "when [she] saw him getting the dogs onto the sidewalk, [she] didn't want to get onto the sidewalk in front of them so then I kind of went really close to the car on the street side to go around" them. CW noticed the chocolate-colored dog had a leash and the two larger, vanilla-colored dogs behind it. She assumed that all the dogs were on leash, but when she noticed "the third one didn't have a leash and then that one came towards me and it

---

[5]    Argus argues that, as ROH § 7-4.1 allows a leash of up to eight feet in length and CW ran within "leash range" of the dogs, his failure to keep all of his dogs on a leash "would have made no difference in preventing the attack." However, as Argus himself admits, the failure to keep his dogs on a leash constitutes negligence on his part, and because the distance between CW and Argus when his dog began its attack is not known, his argument is speculative at best.

6

bit my upper right thigh." CW testified that she did not try to pet the dogs or get close to them to touch them. She was still "towards the back of the car, like still kind of on the street or side and then the dog was on the sidewalk and so as I kind of -- as I went towards it, the dog came towards me so it was sort of, like, a diagonal, just straight shot." The dog came at her in "one quick swift movement. . . went [] just straight for [her] thigh," at which point Argus "grabbed the dog by the back of the neck and then pulled him, pulled him off."[6]

Taking the evidence in the light most favorable to the prosecution, there was ample, credible evidence to support the conviction. CW testified that she moved "towards" Argus and his dogs, but did not try to pet or get close to them and indeed, moved onto the grassy area next to his vehicle and away from them. There is no evidence that the other two dogs acted in a similar fashion, making it reasonable to infer CW's actions were not provocative to dogs generally. The District Court listened to the testimony of CW and Argus and the argument by counsel, which discussed in substantial part the issue of provocation, and found that CW approached Argus and his dogs and as she got closer, the light-colored dog bit her, and that "the evidence indicates that--that it was caused by the dog, not caused by anybody else or anything else."

Therefore, Argus's argument is without merit.

For the foregoing reasons, the District Court of the First Circuit, Honolulu Division's March 17, 2017 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, July 26, 2019.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[6] Argus disputed that the incident occurred at all and denied that his dogs had ever displayed any type of aggressive behavior.